## WHITFORD, SLOCUM & CO. v. ASA P. CHACE.

A seller of goods, who is defrauded of the same by means of notes bearing forged endorsements, and thereupon replevies the goods, deprives himself of the power to rescind the sale, as against a transferee of the goods who at the time of the transfer had knowledge of the fraud, by selling and delivering up the notes to the wife of the purchaser, for value, pending the writ of replevin; such a transaction rebutting the evidence of an election to rescind the contract arising from the suing out the writ, and operating as an affirmance of the sale.

REPLEVIN for a quantity of groceries sold by the plaintiffs to one Waterman Chace; the writ being dated, and having been served, January 29th, 1861. Upon the opening of the case to the jury, at the present term, and the taking of the testimony of Albert L. Saunders, one of the plaintiffs, it was agreed by the parties, that the cause should be taken from the jury, and upon the testimony of Saunders, submitted for final decision to the court, under the pleas of *non cepit*, and property in the defendant, a jury trial being waived.

The testimony of Saunders was, in substance, that the goods described in the writ were, with others, sold by the plaintiffs to Waterman Chace, for his notes endorsed by his brother, the defendant, and were delivered to Waterman, upon receiving therefor his notes purporting to be thus endorsed. The endorsements were forgeries, and were so pronounced by the defendant; who, however, with a knowledge that the goods replevied had been procured by his brother of the plaintiffs by means of the

forged endorsements, received a transfer of them from him, to secure himself as his brother's endorser. The notes given for those and other goods were of the dates, respectively, October 10th, 1860, November 6th, 1860, December 8th, 1860, January 5th, 1861, and January 22d, 1861. At the time when the goods were replevied, four of the notes were in the State Bank, having been discounted by that bank for the plaintiffs, and the last was in the plaintiffs' possession. Pending the writ of replevin, the plaintiffs sold and delivered all the notes to one Amos Warner, for fifty cents upon the dollar; Warner having purchased them for the wife of Waterman Chace, who desired to get the proof of her husband's criminality out of the way. At the time of the sale and delivery of the notes, nothing was said about the disposition to be made of this suit, or of the goods replevied.

*B. N. Lapham, for the plaintiffs :—*

I. We are to try the case with reference to the facts as they were at the time of the repleyy, and, more especially, as there is in this case no plea *puis darrein* continuance.

II. The plaintiffs not having discovered the fraud until some time after it was practiced upon them, and acting as soon as they discovered it, have a right to rescind the contract, although they could not fully restore the party who had defrauded them, to his former position. 2 Parsons on Contracts, 277.

III. As these notes covered about $800 or $900 worth of goods which Waterman Chace had sold, and which the plaintiffs did not get, and only about $200 worth which they did get, and as there was no note which covered the goods replevied and none others, it was impossible to surrender to Waterman Chace, or to any one else, the notes received for the goods replevied without, at the same time, surrendering notes which covered a much larger amount of goods which he had converted to his own use. As this confusion of goods, titles, notes, and rights was caused by the fraudulent conduct of Waterman Chace, and as he had put it out of the power of the plaintiffs to tender back to him what they received for the goods replevied, without, at the same time, surrendering a much larger amount which they had a right to retain, the plaintiffs, upon the well-established doctrine of a confusion of goods or titles, might retain the whole of the notes.

The principle, that no man shall take advantage of his own wrong, also applies.

IV. But if the plaintiffs were bound to surrender any one, or any part, of the notes, in this case, to Waterman Chace, it is not a matter that Asa P. Chace has a right to be heard about. It is, *res inter alios*, with which he has no concern. *Stevens* v. *Austin*, 1 Met. 557 ; *Frost* v. *Lowry*, 15 Ohio, 200, (215, 216).

*Payne, for the defendant :—*

This suit must be regarded, precisely, as if brought against Waterman Chace ; and the notes should, at least, have been brought into court, and impounded for the benefit of all concerned. This, the plaintiffs disabled themselves from doing by selling the notes to Mrs. Chace, through Warner. They cannot have their goods and the notes too. 2 Parsons on Contracts, 192, n. o. 277.

AMES, C. J. It is well settled, that a fraudulent sale is not void, but voidable only, at the election of the party defrauded ; and that until this election, the title to the thing sold vests in the fraudulent purchaser, and may be transmitted by him, subject only to the seller's right to rescind, as against parties to, or those cognizant of, the fraud. *Stevenson* v. *Newnham*, 4 J. Scott, (76 Eng. C. L. R.) 285, 302, 303. The plaintiffs were entitled to rescind their contract of sale, and reclaim their goods from the defendant, as well as from his brother; since, when the former took his title to them from the latter, he knew the fraudulent means by which they had been procured. He is subject to all the equities of the plaintiffs against his brother ; but as a privy in title, may avail himself of all the defences of his brother against the plaintiffs. Can it be pretended that this writ could be maintained against Waterman Chace, after the sale of the notes for value to another, or the settlement for, and delivery up of, the same to him ?

It is said, that the notes were sold and delivered up after this writ of replevin was sued out, and that this can only be taken advantage of by the defendant by a plea *puis darrein*, and that nothing was said about this suit, or the goods replevied, at the time of the sale of the notes.

The bringing of this suit would, if it stood alone, be sufficient evidence of the plaintiffs' election to rescind ; but followed, as it

was, by the sale and delivery of the notes, the conclusion must be, that the writ was sued out to compel this or some similar compromise of the plaintiffs' claim, which deprives them of their power to rescind. As nothing was said about this suit or the goods replevied, at the time the plaintiffs sold their notes, the act of selling them must have its legal effect, of affirming the sale of the goods.

Judgment must be rendered for the defendant, for his costs.